** Summary **
UNIVERSITY OF OKLAHOMA FOUNDATION, INC. — NOT STATE AGENCY The University of Oklahoma Foundation, Inc., is not a state department, agency, or institution, but is rather a private corporation formed for charitable, benevolent, religious, educational and scientific purposes. Any state agency entering into a contract with the University of Oklahoma Foundation, Inc. to acquire contractual services, supplies, equipment or materials to be used, consumed, or spent by the state agency in the performance of its official functions, must do so in accordance with the provisions of the Central Purchasing Act, 74 O.S. 85.1 [74-85.1] (1971), et seq., unless the acquisition is excluded from the purview of the Central Purchasing Act by the terms of the Act itself. The acquisition must be made either by requisition, or by authorization in writing by the State Purchasing Director under the provision of 74 O.S. 85.4 [74-85.4] (1971) of the Oklahoma Central Purchasing Act. Monies received by the Health Sciences Center from other state agencies in payment for providing the services of its personnel and facilities must be deposited in the Health Sciences Center Revolving Fund under the provisions of 70 O.S. 3901 [70-3901] (1971), unless the source of the income is from an auxiliary enterprise or activity or from "other non-educational" sources as those accounts are classified by the National Committee on Standard Reports. This will acknowledge receipt of your letter requesting an Attorney General's opinion. You enclosed copies of claims submitted to your office for payment, and state that claims similar to those enclosed are being processed monthly. You relate that during the period of January 1, 1972, to March 31, 1972, your office processed claims for $131,794.04 for payment to the Medical Center Research and Development Office of the University of Oklahoma Foundation, Inc. You also state that these claims appear to be for services performed through the use of facilities and personnel of the Health Sciences Center. You have requested that your office be furnished with opinions regarding the following questions: 1. Is the Medical Center Research and Development Office of the University of Oklahoma Foundation, Inc. a State Department or institution? 2. If the Medical Center Research Development Office of the University of Oklahoma Foundation, Inc. is not a state agency, should state agencies be required to enter into a contract with the foundation in accordance with the provisions of the Central Purchasing Act? 3. Whether monies received by the Health Sciences Center in payment for providing services of its personnel and facilities to other state agencies should be deposited in the Health Sciences Center revolving fund? In answer to your first question, the University of Oklahoma Foundation, Inc. is not a state department, agency, or institution, but is rather a private corporation formed for charitable, benevolent, religious, educational and scientific purposes. The answer to your second question is in the affirmative. Because the University of Oklahoma Foundation, Inc. is not a state agency, any state agency entering into a contract with the foundation for the acquisition of contractual services, supplies, equipment or materials to be used, consumed, or spent by the state agency in the performance of its official functions must be done in accordance with the provisions of the Central Purchasing Act, 74 O.S. 85.1 [74-85.1] (1971), et seq., unless the acquisition is not included within the purview of the Act by the terms of the Act itself. Section 74 O.S. 85.4 [74-85.4] of the Oklahoma Central Purchasing Act provides, in part, as follows: ". . . Every state agency shall acquire all contractual services, supplies, equipment or material used, consumed or spent by such agency in the performance of its official functions by the presentation of requisitions for such services, supplies, materials or equipment to the purchasing division established hereunder, and no such items or service shall be acquired by any state agency for such use except the presentation of such requisition and receipt of the items for service so requisitioned through the purchasing division. Provided, that the provisions of this Act shall not preclude the acceptance of gifts and donations in the manner now authorized by law or the purchase of any equipment, materials, supplies or services by any state agency acting for itself and without presentation of a requisition when such acquisition is authorized in writing by the State Purchasing Director. . . " Thus it can be seen, that an acquisition by a state agency which is not specifically exempt from the purview of the Central Purchasing Act must be made either by requisition or by authorization in writing by the State Purchasing Director. Your third question, dealing with whether monies received by the Health Sciences Center must be deposited to the Health Sciences Center revolving fund, is answered by the following controlling statutes: Title 70 O.S. 3901 [70-3901] (1971) establishes a Revolving Fund for each State Educational Institution, and for each agency thereof, which shall consist of any appropriations made by the Legislature for such purpose and shall include the income received from student fees, "sales and services of educational departments and all other income available to the institution or agency for Educational and General purposes as defined in the uniform budget and accounting classifications recommended by the National Committee on Standard Reports. A Revolving Fund may be used for any Educational and General Purpose when allocated and allotted as provided by the Oklahoma Budget Law of 1947." The above reference to allocation and allotment under the Oklahoma Budget Law of 1947 specifically refers to 62 O.S. 41.14 [62-41.14] (1971). Title 70 O.S. 3901 [70-3901] (1971), quoted above, is said to be controlling because of possible conflicts with earlier statutes dealing with the same subject matter. It controls over 62 O.S. 162 [62-162] (1971), enacted in 1917, and controls over 62 O.S. 164 [62-164] (1971), enacted in 1935. These earlier statutes, dealing with the same subject matter, have been superceded by the enactment of 70 O.S. 3901 [70-3901] (1971), which became effective in 1965. Title 70 O.S. 3901 [70-3901] (1971) also controls over any possible conflict with the provisions of 62 O.S. 7.2 [62-7.2] (1971) which might be cited as authority for the establishment of an official depository account "for funds of a trust or agency relationship, including auxiliary enterprises and organized activities. . ." 70 O.S. 3901 [70-3901] controls over 62 O.S. 7.2 [62-7.2] (1971) because it is specific legislation dealing with funds received by a State educational institution and will govern over general legislation dealing with the establishment of accounts in the State Treasury. Title 70 O.S. 3901 [70-3901] (1971) also governs over any possible conflict with the provisions of 74 O.S. 581 [74-581] (1971) for the same reasons stated in regard to any possible conflict with 62 O.S. 7.2 [62-7.2] (1971). To determine whether monies received by the Health Sciences Center from other state agencies in payment for providing services of its personnel and facilities, we must refer to the uniform budget and accounting classifications recommended by the National Committee on Standard Reports, which is referred to in 70 O.S. 3901 [70-3901] (1971). If these revenues are either "sales and services of educational departments" or "other income available to the institution or agency for Educational and General purposes" as defined in the uniform budget and accounting classifications recommended by the National Committee on Standard Reports, then these revenues must be deposited in the Revolving Fund of the Health Sciences Center, and allocated and allotted pursuant to the provisions of 62 O.S. 41.14 [62-41.14] (1971). The latest publication by the National Committee on Standard Reports was published in February of 1935. The National Committee on Standard Reports sets up three broad categories for income. These are (1) "Education in general," (2) "Auxiliary enterprises and activities;" and (3) "Other non-educational income," Broadly speaking, if income is not realized from auxiliary enterprises and activities, or other non-educational sources, then it is, by definition, Education and General. The income referred to in your letter does not appear to be derived from an auxiliary enterprise or activity such as the operation of a residence hall, dining hall, student hospital, book store, intercollegiate athletics, student union, etc. Also, the income referred to in your letter does not appear "other non-educational" because it is not derived from scholarships, fellowships, other student aid, endowment investments, gifts, annuity funds investments, etc. The income referred to in your letter does appear to fall under one or more of the classifications of accounts under "Education and General," as recommended by the National Committee on Standard Reports. It appears to be either "sales and services of educational departments" under part I of the education and general budget, or income from the operation of a "medical school hospital" under part Ia of the education and general budget which is labeled Sales and Services of Organized Activities Relating to Institutional Departments. Therefore, the income referred to in your letter, which is generated by payments from other state agencies to the Health Sciences Center for the use of its personnel and facilities, would either be "sales and services of educational departments" or "all other income available to the institution or agency for Educational and General purposes as defined in the uniform budget and accounting classifications recommended by the National Committee on Standard Reports" as those phrases are used in 70 O.S. 3901 [70-3901]. Because the income referred to in your letter falls under either one of these classifications, it would be incumbent upon the Health Sciences Center to cause them to be deposited in the Health Sciences Center Revolving Fund. These incomes would then be subject to allocation and allotment by the Oklahoma State Regents for Higher Education under the provisions of 62 O.S. 41.14 [62-41.14] (1971). It is the opinion of the Attorney General that your questions be answered as follows. The University of Oklahoma Foundation, Inc. is not a state department, agency, or institution, but is rather a private corporation formed for charitable, benevolent, religious, educational and scientific purposes. Any state agency entering into a contract with the University of Oklahoma Foundation, Inc. to acquire contractual services, supplies, equipment or materials to be used, consumed, or spent by the state agency in the performance of its official functions, must do so in accordance with the provisions of the Central Purchasing Act, 74 O.S. 85.1 [74-85.1] (1971), et seq., unless the acquisition is excluded from the purview of the Central Purchasing Act by the terms of the Act itself. The acquisition must be made either by requisition, or by authorization in writing by the State Purchasing Director under the provisions of 74 O.S. 85.4 [74-85.4] (1971) of the Oklahoma Central Purchasing Act. Monies received by the Health Sciences Center from other state agencies in payment for providing the services of its personnel and facilities must be deposited in the Health Sciences Center Revolving Fund under the provisions of 70 O.S. 3901 [70-3901] (1971), unless the source of the income is from an auxiliary enterprise or activity or from "other non-educational" sources as those accounts are classified by the National Committee on Standard Reports. (Odie A. Nance)